## Butler et al. v. Meyer et al.

1.   *Practice—Record.*—The court will not consider matters not prop-
erly appearing in the record.

2.   *Practice—Presumptions in Favor of Records.*—Where a bill to fore-
close a mortgage averred that it was duly executed, etc., the defendants

Butler v. Meyer.

were defaulted, thereby admitting the truth of these averments. The master in chancery, to whom the case was referred, reported it to be a mortgage deed. No exception was taken to his report and a decree followed finding it to be a proper mortgage deed; on error in the Appellate Court there appeared in the record immediately following the master's report, but not attached to or part of it, what purported to be a copy of the mortgage, showing no seals attached to the signatures of the mortgagors. It being assigned as error that the mortgage was void for want of the seals, *it was held* that the finding of the decree was supported by the averments of the bill. The report of the master, the admission of the defendant, etc., would induce the belief that the omission of the seals from the copy in the transcript was an oversight on the part of the copyist.

Memorandum.—Foreclosure. Writ of error to the Circuit Court of Mason County, to reverse a decree entered by that court from the complainant; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed June 26, 1893.

The opinion of the court states the case.

PLAINTIFFS' BRIEF, H. W. MASTERS AND WRIGHT & WRIGHT, ATTORNEYS.

Every conveyance of real property must have the seal of those executing such instrument as an essential to its validity. It seems unnecessary to employ an extended argument or to brief many authorities.

The first paragraph of chapter 31 of the statutes of Illinois, entitled "Conveyances," reads as follows: " * * * Every deed, mortgage or other conveyance in writing, not procured by duress and signed and sealed by the parties making the same, * * * shall be sufficient * * * for the giving, granting, selling, mortgaging," etc.

Thus it will be seen that our State has retained the common law rule making the sealing of an instrument of conveyance as much an essential element to its validity as the signing of the same.

DEFENDANTS' BRIEF, WALLACE & LACEY, ATTORNEYS.

"Any agreement between the parties in interest that shows an intention to create a lien, may be in equity a mortgage." Jones on Mortgages, 168, 169. "Courts of equity

will often pronounce that there is an equitable mortgage in cases where courts of law would be compelled to say there is no mortgage." The true test is, "Was the instrument intended as security for the payment of money? If it was, then it is a mortgage." Flagg v. Mann, 2 Sum. 486. "Any agreement in writing to give a mortgage, or a mortgage defectively executed, or an imperfect attempt to create a mortgage, or to appropriate particular property to the discharge of a debt, will create a mortgage in equity, or a specific lien upon the property intended to be mortgaged." Daggett v. Rankin, 31 Cal. 322; Love v. Sierra, N. L. W. and M. Co., 32 Cal. 639.

"Where a mortgage is not sealed the holder may proceed to foreclose it in chancery as an equitable mortgage and it is not necessary to correct it." McClurg v. Phillips, 49 Mo. 315. A judgment, even at law, to foreclose such a mortgage, will not be reversed. Dunn v. Raley, 58 Mo. 134. An instrument, although not technically a legal mortgage, will be enforced in a court of equity as an equitable mortgage; we call the attention of the court to the following additional authorities: Lake v. Doud, 10 Ohio, 415; Harrington v. Fortner, 58 Mo. 474; Gill v. Clark, 54 Mo. 415; Miller v. R. & W. R. R. Co., 36 Vt. 452; Peckham v. Haddock, 36 Ill. 38.

OPINION OF THE COURT, PLEASANTS, J.

This was a bill filed by assignees of a promissory note of Marshall E. Butler and his wife to foreclose an alleged mortgage also given by them to secure it. The averments and prayer were in the usual form. John R. Taylor and J. C. Small were also made parties defendant, as claiming some interest in the premises. The Butlers and Taylor were served with process personally, and Small by publication. Taylor having answered, it was dismissed as to him. The others failing to appear, were regularly defaulted, the cause referred to the master to take proofs and compute the amount due, and upon the coming in of his report, a final decree was entered according to the prayer.

Defendants Butler, prosecute this writ of error upon the

sole claim that the instrument alleged to be a mortgage was not under seal, and therefore void.

It was not made an exhibit to the bill, nor in any other way a part of it, but was set forth briefly according to what was claimed to be its legal effect, adding: "As by the said mortgage deed, ready to be produced in court, will more fully appear." The master reported only his findings, without referring to any particular evidence. Nor was any preserved, stated, or referred to in the decree, which simply recites that the "cause coming on for a final hearing upon the bill, the dismissal as to the defendant, John R. Taylor, the default of the defendants, Marshall E. Butler, Emma Agatha Butler and J. C. Small, the report of the said master and oral and documentary proof taken and heard in open court; and the court, being fully advised in the premises, doth find," etc. There was no deposition taken nor any bill of exceptions or certificate of evidence.

Thus the record contains no evidence that the instrument was not sealed as well as signed and delivered by the grantors, unless it be the following, which appears in the transcript next after the master's report, but not as attached to, or part of it:

"And afterward, to wit, on the same day, appears the original mortgage and note sued upon, filed with said master in chancery, on the 13th day of February, A. D. 1891, which mortgage and note is in the words and figures following, to wit," etc., setting out what purport to be copies of the note and its indorsements, and of the mortgage, with certificates of its acknowledgment and filing for record. This copy shows no seal attached to the signature of either of the grantors. Across the face of each of these instruments, as copied, is written: "Filed with me, this 13th day of February, 1891. Lyman Lacey, Jr., Master in Chancery."

This somewhat singular statement in the transcript does not show to whom or how the original "appeared," further than that it was to the master, by being filed with him. It does not import that they were ever filed by him with the

clerk, in this cause. How the clerk got possession of them, if he did get it, and by what authority he copied them into the transcript, are matters of mere surmise. The bill distinctly averred the one here in question as a deed duly executed, acknowledged and recorded, and operating to convey the land in mortgage to secure the payment of the note, and stated a case fully entitling complainant to the relief prayed. By their default plaintiffs in error admitted the truth of these averments of its character and operation. The master saw and examined it. He found and reported it to be a mortgage deed. No exception was taken to his report or finding. If he did not also submit and file the instrument itself, as a part of it, how can the copy be regarded as properly in the record? And if he did, the presumption would be that the court also saw and examined it. The court found it to be a proper mortgage deed, and so declared by its solemn decree. Such finding and declaration, supported by the averments of the bill, the terms of the instrument, the acknowledgment and recording thereof, the report of the master, and the admission of plaintiffs in error, would induce the belief that the omission of seals from the copy in the transcript was an oversight of the copyist. They should not be heard to deny that it was sealed. Their claim, if true, is without merit, since it is manifest from the copy itself that they intended it as a mortgage security for the payment of the purchase money. Decree affirmed.